No. 19,375.

THE STATE OF KANSAS, *Appellee,* v. JOHANNA ADAMS, *Appellant.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Assaulting Public Officer—Instructions.* In a criminal prosecution for assaulting an officer while engaged in the service of a warrant an instruction that such officer need not exhibit or read his warrant to a mere stranger or one who did not have possession or claim right to the property sought to be siezed was not prejudicial, in view of the evidence which justified the conclusion by the jury that the defendant was not only a stranger to the transaction but an excuseless and malicious intermeddler.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed October 10, 1914. Affirmed.

*A. J. Bolinger,* of Topeka, for the appellant.

*John S. Dawson,* attorney-general, and *W. E. Atchison,* county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant was convicted of assaulting an officer while engaged in the service of process. She appeals and claims that the officer was acting without a warrant in the seizure of certain beer of her nephew Wilson, to whose call for help she responded; that she asked the officer for his warrant and was told that he had none and needed none. She complains solely of an instruction which seemed to refer to her as a mere stranger or as one who had no right to or possession of the property sought to be seized.

The state has furnished a counter-abstract from which it appears that the officer testified that he went to the home of Wilson with a warrant authorizing a search of the house for intoxicating liquor; that he found a case of beer and carried it to the sidewalk, and started away with Wilson, who had been shown the warrant and who was going peaceably, and when in front of the defendant's house the latter stopped Wilson, and being told that he had been arrested and the officer was going to take the beer she replied with profanity that they would not take it, and got hold of the beer and started to take it away from the policeman; that she and Wilson fought and scrambled over the beer while a great crowd collected, and another officer came to the assistance of the one who had made the arrest; that she fought, scratched and hit the officer with a brick and tore the star from his coat; that two or three other women in the crowd threw bricks at the officers, whom the defendant threatened to kill.

The fact that the case is here on appeal indicates that the jury in arriving at their verdict believed the testimony of the officers and that the trial court gave it credence and approved the verdict. Assuming their

evidence to be true we are unable to discover any preju-
dice which the defendant suffered by reason of the in-
struction touching the rights or lack of rights possessed
by a stranger to the transaction.   If she was not a
stranger it was because of her brutal, malicious and
excuseless interference with and assault upon the ar-
resting officer.   The statute was enacted for the very
purpose of punishing those who thus make it dangerous
and disagreeable for officers to do their duty, and it
would be difficult to present a case more deserving of
a severe penalty than the one disclosed by the record.

The judgment is affirmed.